Howard T. Hogan, J.
In this proceeding in eminent domain, the Town of North Hempstead seeks to condemn the leasehold interest of Yore Cleaners, Inc., a tenant in possession of premises purchased by the town in November of 1973. The amended petition before the court has been presented pursuant to leave granted on December 24, 1973.
The claimant has cross-moved for summary judgment denying the petition. The claimant contends that the petitioner has not fully complied with the procedures prerequisite to the institution of condemnation proceedings in that the required resolution subject to a permissive referendum has not been enacted by the Town Board. The claimant also contends that, by acquiring the fee through purchase, the town is estopped from condemning the leasehold interest of its tenant.
For the sake of clarity, the court will discuss the claimant’s last contention first. We find that a leasehold interest may be condemned (19 N. Y. Jur., Eminent Domain, § 41; Goodyear Shoe Mach, Co. v. Boston Term. Co., 176 Mass. 115). The fact that the petitioner is also the landlord does not negate its right to exercise the power of eminent domain. This power, delegated to it by the State, is given to the town to be used when the public necessity requires and private contractual relationships cannot stand in the way (1 Nichols, Eminent Domain [3d ed.], § 1.141 [4]). This fact, however, is not dispositive of the petition now before the court.
The original resolution authorizing the purchase of the building on which the subject premises is located, refers only to a purchase and does not refer to condemnation (Resolution 382-1973). In no way does that resolution contemplate the con- *259 damnation of leasehold interests. Subsequent to the service and filing of the amended petition, however, the Town Board enacted Resolution 29-1974 authorizing this condemnation. Said resolution ratified and confirmed the action taken herein. In our view, this resolution authorizing the acquisition of an interest in land is subject to a permissive referendum unless the expenditure will be financed from surplus funds or by serial bonds having maturity of less than five years (Town Law, § 220, subd. 3; 23 Opns. St. Comp., 1967, p. 773). The record before the court is silent concerning the method of financing and does not indicate whether the town has complied with article 7 of the Town Law which outlines the procedural steps for a permissive referendum.
The amended petition, therefore, is premature and must be dismissed until the town complies with article 7. In passing, the court also observes that the amended petition prays for the court to determine the compensation to be made without a jury. Since this proceeding has been brought under the terms of the Condemnation Law, the court must point out that it has no power under that body of law to determine compensation without a jury, but must appoint commissioners.
Accordingly, the petition is denied without prejudice.